IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOHANES GIRMA BABU<br>5210 E. Street SE, Apt #3<br>Washington, DC 20019<br><br>*On behalf of Himself and*<br>*All Others Similarly Situated*<br><br>    Plaintiff,<br><br>v.<br><br>FIRST WORLD SECURITY<br>CONSULTANTS, LLC<br>6817 Georgia Avenue, N.W., #217<br>Washington, D.C. 20012<br><br>    Serve:  Rahman Omar<br>    6817 Georgia Avenue, N.W., #217<br>    Washington, D.C. 20012<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br>Case No.:_____ |

## COMPLAINT

Plaintiff Yohanes Girma Babu ("Plaintiff"), by and through undersigned counsel, and on behalf of himself and all others similarly situated, hereby submits his Complaint against Defendant First World Security Consultants, LLC ("Defendant"), to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs under section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. Defendant is a limited liability company formed under the laws of the State of Maryland with its principal place of business in Washington, D.C.  At all times, Defendant offered

and performed security related services for clients in the District of Columbia. At all times relevant, Defendant was Plaintiff's "employer" for purposes of the FLSA.

3. At all times relevant, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff, and all others similarly situated, were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5. Plaintiff was employed by Defendant from July 6, 2009 through December 30, 2009 and again from March 3, 2010 through June 30, 2010. At all times relevant, Plaintiff worked for Defendant as a full time employee. At all times while in Defendant's employ, Plaintiff worked as a security guard for Defendant in Washington, D.C.

6. At all times relevant, Plaintiff worked approximately sixty-five (65) hours per week.

7. At all times relevant, Defendant paid Plaintiff at his regular hourly rate of $11.00 per hour for all hours worked each week, including the overtime hours Plaintiff worked each week in excess of forty (40).

8. At all times, Defendant failed and refused to pay Plaintiff at the legally required rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40).

9. Plaintiff did not perform work that meets the definition of exempt work under the FLSA.

## PUTATIVE PLAINTIFFS

10. Plaintiff is aware of other current and former employees of Defendant who are similarly situated in that they: (1) were, or are currently, employees of Defendant; (2) were not, or are not currently, paid as prescribed by law by Defendant for hours worked each week in excess of forty (40); and (3) that these individuals have not joined this suit because they fear that if they join this action, Defendant will retaliate against them or they will lose their job with Defendant.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

11. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-10 above, as if each were set forth herein.

12. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

13. At all times relevant, Plaintiff, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's, and all others similarly situated, "employer" under FLSA, 29 U.S.C. § 207(a)(2).

3

14. Defendant, as Plaintiff's, and all others similarly situated, employer, was obligated to compensate Plaintiff, and all others similarly situated, at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

15. While in Defendant's employ, Plaintiff, and all others similarly situated, worked many overtime hours.

16. Defendant, however, has failed and refused to compensate Plaintiff, and all others similarly situated, properly, and as required by the FLSA, for overtime hours worked.

17. Defendant's failure and refusal to pay Plaintiff, and all others similarly situated, as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff, and all others similarly situated, under Count I of Plaintiff's Complaint for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Meredith R. Philipp, Bar No. MD29153
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com
       mphilipp@zipinlaw.com

*Counsel for Plaintiff*